# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLOS NEGRON,          :      Case No. 3:22-CV-905 (OAW)
     Plaintiff,          :
                          :
   v.                 :
                          :
DEPARTMENT OF         :
CORRECTIONS, et al.,      :
     Defendants.      :      OCTOBER 5, 2022

## INIITAL REVIEW ORDER

Pro se Plaintiff, Carlos Negron, currently incarcerated at New Haven Correctional Center ("NHCC"), has filed a complaint pursuant 42 U.S.C. § 1983 against the Department of Correction ("DOC"), Warden of DOC, Medical Director of DOC, Deputy Warden, New Haven Correctional Center, Medical Director NHCC, and Medical Provider NHCC.  Plaintiff states that he names the first three defendants in individual and official capacities.  He does not specify a capacity for the remaining defendants.  Plaintiff alleges that the defendants housed him in unsafe conditions.   Plaintiff seeks damages and declaratory relief.

### I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915A(b)(1)–(2).  Although highly detailed allegations are not required, the Complaint must "contain sufficient factual matter, accepted as true, to

'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

With respect to pro se litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 3006) (per curiam)).  *See also Erickson v. Pardus*, 551 U.S. 89, 94

2

(2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (internal citations omitted)).  This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above: a pro se complaint still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).  Therefore, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the court may not "invent factual allegations" that the plaintiff has not pleaded.  *Id*.

## II.   BACKGROUND

Plaintiff was arrested and was admitted to Hartford Correctional Center ("HCC") on July 21, 2021.  Compl. at ¶ 1, ECF No. 1.  On July 31, 2021, Plaintiff was housed in Dorm 4.  *Id.* ¶ 2.  Plaintiff alleges that he walked with crutches and was known to have metal plates and screws in his right ankle.  *Id.* ¶ 3.  However, in the grievance attached to the complaint, Plaintiff states that he needed crutches only after a fall in the shower that took place on August 4, 2021 (as further described, below).  *Id.* at ¶ 7.

On numerous occasions, Plaintiff requested a handicap shower.  *Id.* ¶ 4.  The requests were ignored.  *Id.*  Plaintiff alleges that he submitted these requests to Defendants Warden and Deputy Warden, Counselor Schaffer, and Operations Officer Stewart.  *Id.* ¶ 5.

On August 4, 2021, Plaintiff slipped and fell in the shower.  *Id.* ¶ 6.  The following day, he again slipped and fell in the shower.  *Id.* ¶ 7.  Plaintiff hurt his back, neck, and leg when he fell.  *Id.* ¶ 9.

The doctor at HCC ordered x-rays and told Plaintiff that handicap showers, with "proper seating," had not been available for months and that the shower area needed repair.  *Id.* ¶ 10.  The doctor referred Plaintiff to UConn Health Center for treatment.  *Id.* ¶ 11.

Plaintiff filed a medical grievance, *id.* at 4 ¶ 12, on August 15, 2021, *id.* at 7.  Although Plaintiff alleges that, in response to the grievance, he was told the handicap shower area would be fixed, *id.* at 4 ¶ 12*,* the attached grievance response states only that mats and signage would be put in the shower area, *id.* at 7.

III.   **DISCUSSION**

Plaintiff states that "the Deliberate Indifference and Negligence violated Plaintiff Carlos Negron's Due Process and Equal Protection rights under the Fourteenth Amendment to the United States Constitution."  *Id.* at p. 5.

A.  Defendants Department of Correction and New Haven Correctional Center

Plaintiff names the Department of Correction and New Haven Correctional Center as defendants.  The DOC is a state agency.  *See* www.portal.ct.gov/DOC.  As a state agency, the Department of Correction is not a person subject to suit under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983); *Bhatia v. Connecticut Dep't of Children & Families*, 317 F.

4

App'x 51, 52 (2d Cir. 2009) (same).  Nor are correctional facilities considered persons within the meaning of section 1983.  *See Santos v. Connecticut Dep't of Corr.*, No. 3:04-CV-1562(JCH)(HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) ("[n]either a Department of Correction nor a correctional institution is a 'person'" subject to liability under section 1983) (citing cases).  Thus, all claims against the Department of Correction and the New Haven Correctional Center are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

    B.  Deliberate Indifference and Negligence

    Plaintiff characterizes his claim as negligence and deliberate indifference.  As Plaintiff alleges that the incident occurred shortly after his arrest, the court assumes that Plaintiff is a pretrial detainee.

    "A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether ... by deliberate indifference to conditions of confinement, or otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).  To state a deliberate indifference claim, Plaintiff first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)).  "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (citation and internal quotation marks omitted).  This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* (citing *Willey v. Kirkpatrick*, 801 F.3d 1, 68 (2d Cir. 2015)).  Plaintiff also must show that "the defendant-official acted

5

intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.  Negligence, however, is insufficient to satisfy this component of the deliberate indifference test.  *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).  Thus, any claim that the defendants were negligent is dismissed.

The first part of the deliberate indifference test is the same for claims under the Eighth and Fourteenth Amendments.  *Id.* (applying new objective standard for second part of the deliberate indifference test for pretrial detainees but not changing standard for first part of test).  A condition is objectively serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2001) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).

Plaintiff's claim is based on a broken handicap shower or lack of mats in the regular shower.  The lack of shower mats does not rise to the level of constitutional violation.  *See Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) ("Water on the floor of the shower area (and/or the absence of shower mats) in a jail simply cannot meet [the deliberate indifference] standard."); *Adams v. Perez*, No. 08 Civ. 4834(BSJ)(MHD), 2009 WL 513036, at *3 (S.D.N.Y. Feb. 27, 2009) ("Courts have repeatedly held hat a failure on the party of prison officials to provide shower mats does not rise to the level of a constitutional violation." (collecting cases)).  Thus, any claim based on the lack of mats in the shower is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also alleges that he was not provided a handicap shower in response to his requests.  He alleges that he walked with crutches but states in his grievance that he only required crutches after the first fall.  Compl., at p. 7.  Thus, it is not clear that a handicap shower was medically required.  If a handicap shower is not medically required, the failure to provide one on request does not violate contemporary standards of decency and cannot support a deliberate indifference claim.

Even assuming, for purposes of initial review only, that Plaintiff required a handicap shower, his claim is not cognizable.  Another court in the Second Circuit has held that the failure to repair the shower for over nine months after defendants were alerted to the problem several times could state a claim for deliberate indifference. *See Curry v. Kerik*, 163 F. Supp. 2d 232, 237 (S.D.N.Y. 2001).  In his grievance, Plaintiff states that he alerted maintenance, lieutenants, and his counselor about the broken shower, none of whom is a defendant in this action.  Of the persons named as defendants, none is identified as working at HCC, the facility where the broken shower is located.  Thus, Plaintiff has not named any defendant responsible for ensuring that the handicap shower was repaired. The deliberate indifference claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

If Plaintiff intends to pursue this matter, he should file an amended complaint alleging facts showing that a handicap shower is medically required and identifying, by name, officials at HCC who were informed that the handicap shower was broken and failed to repair it.  Any amended complaint shall be filed within **thirty days (30)** from the date of this order.

7

**ORDERS**

The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b).

If Plaintiff intends to pursue this matter, he shall file an amended complaint correcting the

deficiencies identified above.  Any amended complaint must be filed within thirty days

from the date of this order.  If no amended complaint is timely filed, the Clerk is directed

to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 5th day of October, 2022.

_____/s/_____
Omar A. Williams
United States District Judge

8